UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JILLIAN ALICE LEWIS,

     Plaintiff,

v.                        Case No.:  6:22-cv-637-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff Jillian Alice Lewis seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.  Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

## B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff applied for supplemental security income benefits on November 7, 2019, alleging disability beginning on August 9, 2017. (Tr. 64, 186-91). The application was denied initially and on reconsideration. (Tr. 64, 107). Plaintiff

requested a hearing and on May 12, 2021, a hearing was held before Administrative Law Judge ("ALJ") Emily Statum. (Tr. 39-63). On July 9, 2021, the ALJ entered a decision finding Plaintiff not under a disability since November 7, 2019, the date the application was filed. (Tr. 16-34).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on January 24, 2022. (Tr. 2-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on March 30, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 17).

## D.    Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 7, 2019, the application date. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: "knee osteopenia; aortic dilation; aortic regurgitation, redundant mitral valve, aortic ectasia; mitral valve prolapse; sinus tachycardia; positive ANA, autoimmune thyroiditis, hypothyroidism; Hashimoto thyroiditis; trivial aortic insufficiency; dilated aortic root; non-rheumatic mitral valve regurgitation; fibroma of the right posterior knee and osteopenia, unspecified bone disorder, obsessive compulsive disorder; anxiety disorder; and attention deficit hyperactivity disorder." (Tr. 19). At step three, the ALJ found that Plaintiff did not have an impairment or

combination of impairments that meets or medically equals the severity of any of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§

416.920(d), 416.925, and 416.926). (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the following

RFC:

> After careful consideration of the entire record, the
> undersigned finds that the claimant has the residual functional
> capacity to perform sedentary work as defined in 20 [C.F.R.
> §] 416.967(a) with frequent climbing of ramps or stairs;
> occasional climbing of ladders, ropes, or scaffolds; frequent
> stooping, kneeling, crouching, or crawling; an ability for
> understanding and remembering simple instructions and
> information; an ability to perform simple, routine tasks during
> an eight-hour workday; with occasional contact with co-
> workers and the general public.

(Tr. 23). At step four, the ALJ found Plaintiff had no past relevant work. (Tr. 32).

At step five, the ALJ found that considering Plaintiff's age (20 years old on the

application date), education (at least high school), work experience, and RFC, there

are jobs that existed in significant numbers in the national economy that Plaintiff

could perform. (Tr. 32). The vocational expert testified that a person with Plaintiff's

limitations could perform such occupations as:

(1)     cutter and paster, DOT 249.587-014, sedentary, unskilled, SVP 2

(2)     addresser, DOT 209.587-010, sedentary, unskilled, SVP 2

(Tr. 33). The ALJ concluded that Plaintiff had not been under a disability since

November 7, 2019, the date the application was filed. (Tr. 33).

## II.     Analysis

On appeal, Plaintiff raises two issues:

(1)     Whether the ALJ erred in determining Plaintiff has the RFC to perform sedentary work with some additional limitations after failing to properly weigh and consider the opinions of Plaintiff's treating physician; and

(2)     Whether the ALJ's consideration of Plaintiff's credibility and subjective complaints was sufficient.

(Doc. 23, p. 9, 17).

### A.     Persuasiveness of Treating Physician's Opinion

Plaintiff argues the ALJ erred in finding that she was capable of performing work at the sedentary level with some additional limitations in that the ALJ improperly considered the opinion of Plaintiff's treating cardiologist, Saba Ahmad, M.D. (Doc. 23, p. 9, 11). Plaintiff focuses her argument on Dr. Ahmad's limitation finding that Plaintiff was capable of lifting less than five pounds, which conflicts with the ALJ's finding that Plaintiff is capable of performing work at sedentary level, which requires lifting up to ten pounds. (Doc. 23, p. 23).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior

administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources

and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

Cardiologist Dr. Ahmad treated Plaintiff since December 2020. (Tr. 321). She completed a Physical Residual Functional Capacity Questionnaire on April 9, 2021. (Tr. 321-25). In the Questionnaire, Dr. Ahmad stated, "[f]rom a cardiac perspective, [Plaintiff] can tolerate low stress work, meaning no lifting > 5 lbs., predominantly sedentary work with short intervals of ambulation." (Doc. 23, p. 12-13; Tr. 322). She also determined that Plaintiff had no limitations for walking and could sit for more than two hours at one time. (Tr. 323). She further found that Plaintiff could

stand/walk for four hours in an eight-hour day and sit for at least six hours in an eight-hour day. (Tr. 323). She reiterated that Plaintiff could rarely lift, could carry less than five pounds in a competitive work setting, and included other postural limitations as well. (Tr. 323-24).

In the decision, the ALJ discussed Dr. Ahmad's findings:

> On April 9, 2021, Dr. Saba Ahmad issued statement indicating that the claimant has an ability for frequent low stress work or can tolerate low stress work from a cardiac perspective with no lifting over 5 pounds, predominantly sedentary with short intervals of ambulation, but then indicated that the claimant does not have limitations walking from a cardiac perspective. Next, Dr. Ahmad opined that the claimant can stand or walk about 4 hours, and sit about 6 hours, can rarely lift over 5 pounds, frequently look down, frequently turn her head to the right or left, frequently look up hold her head in a static position, frequently twist, occasionally stoop (bend), crouch, and climb stairs, and rarely climb ladders (Ex. 17E). This opinion is internally inconsistent as [on the] one hand, Dr. Ahmad indicated that the claimant needs to be predominantly sedentary with short intervals of ambulation, [but] on the [other] hand found that the claimant can stand or walk 4 hours. More importantly, the extent of the limitations Dr. Ahmad reported are not consistent with the medical record or h[er] own treatment notes. On April 9, 2021, the same day [s]he issued this opinion on limitations, Dr. Ahmad's examination revealed no focal deficits, no respiratory distress, and no tachypnic or intercoastal retractions or obvious wheezing. The claimant was in no acute distress but was alert and oriented to situation (Ex. 20E at 8). On April 8, 2021, one day prior to Dr. Ahmad's opinion on limitations, an examination disclosed that the claimant a normal appearance, no synovitis, no joint swelling, tenderness or limitation in the IP, MCP, wrists, elbows, shoulders, hips, knees, ankles, and MTP joints. She had normal Achilles tendons, plantar fascia and posterior tibial tendons. An examination of the cervical, thoracic and lumbar spines disclosed good alignment with no scoliosis, tenderness or deformity. Claimant's sacroiliac joints were nontender. There

was no edema in extremities. The claimant had a normal gait and balance (Exhibit 10F at 4). A month later, or on May 14, 2021, the claimant was described as healthy appearing, well developed and well-nourished (Exhibit 11F at 3). She denied difficulty swallowing, or shortness of breath (Exhibit 11F at 3). Thus, the extent of the limitations Dr. Ahmed reported on April 9, 2021 are not supported by the medical record.

(Tr. 28).

While the ALJ validly noted inconsistencies in Dr. Ahmad's opinion about walking, the ALJ lumped Dr. Ahmad's lifting restriction in with the walking inconsistency without specifically identifying a conflict in the record as to the lifting limitation of less than five pounds. (Tr. 28). In an April 9, 2021 treatment record, Dr. Ahmad recommended avoiding heavy lifting, "which for her small size[1] is likely anything more than 5 lbs." (Tr. 346). Plaintiff reported occasional chest pain after stress. (Tr. 346). Dr. Ahmad then discussed the "importance of lower heart rates to prevent progression dilation." (Tr. 349). The Commissioner argues that the ALJ included a long list of examination findings around the time of Dr. Ahmad's opinion that showed Plaintiff's examinations were generally normal with no noted cardiovascular abnormalities. (Doc. 24, p. 9). But Dr. Ahmad's comment of the importance of maintaining lower heart rates coupled with her emphasis that Plaintiff can tolerate only low stress with lifting of less than five pounds supports a finding that the lifting restriction is to prevent progression of her cardiac problems. If so,

---

[1] Plaintiff was 5"1' and was very thin for her age and height. (Tr. 346).

then generally normal examination findings do not contradict a lifting restriction to prevent further cardiac damage. In sum, the ALJ did not discuss the supportability of or the consistency of Dr. Ahmad's lifting restriction with her own treatment records or other medical evidence of record. This error is not harmless because in the RFC, the ALJ limited Plaintiff's to sedentary work which requires the ability to lift no more than ten pounds at a time. (Tr. 23); 20 C.F.R. § 416.967(a). And the vocational expert testified that a lifting restriction of not more than five pounds precludes Plaintiff from being able to perform the jobs described in the opinion. (Tr. 62). Thus, remand is warranted to reconsider Plaintiff's RFC.

**B.    Subjective Complaints**

Plaintiff argues that the ALJ's consideration of Plaintiff's subjective complaints was not sufficient. (Doc. 23, p. 17). Plaintiff claims that the ALJ did not provide any specific reasons for undermining Plaintiff's testimony nor support the subjective complaint determination. (Doc. 23, p. 19).

A claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity

> that it can be reasonably expected to give rise to the alleged
> pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court]

to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, the ALJ summarized Plaintiff's testimony, which included her subjective complaints. (Tr. 24). The ALJ reported that Plaintiff claimed she was not able to work due in part to an aortic aneurysm. (Tr. 24). She also noted that Plaintiff complained of knee pain, had mitral valve issues, had heart palpitations and chest pain, as well as IBS and colitis. (Tr. 24). After recapping Plaintiff's testimony, the ALJ found that "[t]he extent of claimant's alleged symptoms and alleged functional limitations are not consistent with the medical record." (Tr. 24). The ALJ then thoroughly summarized Plaintiff's medical records. (Tr. 24-28).

After this summary, the ALJ found Plaintiff had the RFC for sedentary work with additional limitations, but that no more limitations were warranted. (Tr. 27). In support of this statement and her subjective complaint determination, the ALJ listed unremarkable examination findings, such as normal heart rate and rhythms with no murmurs, rubs, or gallops. (Tr. 27). While these unremarkable examination findings may conflict with some of Plaintiff's subjective complaints, many were not necessarily inconsistent with all of Plaintiff's descriptions of her limitations and pain. *See Martinez v. Comm'r of Soc. Sec.*, No. 21-12116, 2022 WL 1531582, at *2 (11th Cir. May 16, 2022) (findings mild or moderate test results not necessarily inconsistent with a plaintiff's descriptions of pain and limitations). Because this case

is remanded on other grounds, the ALJ should also reconsider Plaintiff's subjective complaints.

## III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's RFC and subjective complaints. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on August 8, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties